D. Jeffrey Courser, OSB No. 880374
jeffrey.courser@stoel.com
STOEL RIVES LLP
760 SW Ninth Avenue, Suite 3000
Portland, OR  97205
Telephone:  503.224.3380
Facsimile:  503.220.2480

Colleen M. O'Neil, pro hac vice forthcoming
coneil@calfee.com
Brendan L. Heil, pro hac vice forthcoming
bheil@calfee.com
CALFEE, HALTER & GRISWOLD LLP
1405 East Sixth Street
The Calfee Building
Cleveland, OH 44114
Telephone:  216-622-8200
Facsimile:  216-241-0816

     Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| RUST-OLEUM CORPORATION,<br><br>     Plaintiff,<br><br>  v.<br><br>NIC INDUSTRIES, INC.,<br><br>     Defendant. | Case No.:  1:18-cv-01655<br><br>COMPLAINT FOR DECLARATORY JUDGMENT AND DAMAGES |

     The plaintiff, Rust-Oleum Corporation ("Rust-Oleum"), for its Complaint against the defendant, NIC Industries, Inc. ("NIC"), states as follows:

Page 1   -   COMPLAINT FOR DECLARATORY JUDGMENT AND DAMAGES

## NATURE OF THE ACTION

This is an action seeking declaratory relief pursuant to the Federal Declaratory Judgment Act 28 U.S.C. §§ 2201 and 2202, as well as monetary damages from NIC. Rust-Oleum seeks a determination that it has not breached its obligations under the Exclusive Sales Agreement and the Mutual Settlement Agreement and Release between NIC and Rust-Oleum. Additionally, Rust-Oleum seeks monetary damages from NIC because of NIC's breach of the duty of good faith and fair dealing not to interfere with Rust-Oleum's Wipe New business interests.

## THE PARTIES

1. Plaintiff Rust-Oleum is a Delaware corporation with its principal place of business at 11 E. Hawthorn Parkway, Vernon Hills, Illinois 60061.

2. Defendant NIC is an Oregon corporation with its principal place of business at 7050 Sixth Street, White City, Oregon 97503.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action for declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure.

4. An actual and justiciable controversy between Rust-Oleum and NIC exists within the meaning of 28 U.S.C. § 2201 regarding whether Rust-Oleum performed its obligations under the Exclusive Sales Agreement ("Sales Agreement") and Mutual Settlement Agreement and Release ("Settlement Agreement" collectively "Agreements"). The Sales Agreement and the Settlement Agreement are attached hereto as Exhibits A and B, respectively.

5. This Court has diversity jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(a). This action is between citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

6. Defendant is subject to both general and specific jurisdiction because its principal place of business is in the State of Oregon and within this jurisdiction.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391 and the forum selection clause of the Sales Agreement and Settlement Agreement.

**FACTS**

8. On September 24, 2015, NIC entered into the Sales Agreement with Wipe New, LLC ("Wipe New"). Pursuant to the Sales Agreement, NIC granted Wipe New the exclusive right to purchase NIC products for resale as part of the Wipe New product line of wipe on applications for vehicle restoration, detailing, and general home use.

9. On November 30, 2015, Wipe New assigned its rights, duties, and obligations under the Sales Agreement to Rust-Oleum and Rust-Oleum, as the assignee, assumed all rights and agreed to perform and discharge the duties and obligations of Wipe New under the Sales Agreement.

10. The Sales Agreement created a contractual relationship whereby Rust-Oleum, in return for receiving the exclusive right to purchase the products from NIC, agreed to minimum annual purchase amounts that increased each year over the term thereof. *See* Exhibit A, *passim*.

11. In late 2017, the parties mutually agreed to terminate the Sales Agreement.

12. On November 27, 2017, Rust-Oleum and NIC entered into the Settlement Agreement, which ended their exclusive sales relationship and included a binding and enforceable mutual release from their obligations under the Sales Agreement. *See* Exhibit B, *passim*.

13. NIC and Rust-Oleum agreed that, in return for Rust-Oleum's payment of three purchase orders, the Sales Agreement would terminate and as a result, Rust-Oleum would have

the option to purchase products from other suppliers and to develop its Wipe New product line independent of NIC. *See* Exhibit B, *passim*.

14. Rust-Oleum at all times relevant performed its obligations under the Agreements and is not in breach of the Settlement Agreement.

15. On or about August 24, 2018, NIC sent a cease and desist letter fraught with unsubstantiated allegations that Rust-Oleum reverse-engineered or attempted to recreate NIC's products in violation of Rust-Oleum's continuing obligations under the Settlement Agreement. *See* Correspondence attached hereto as "Exhibit C".

16. To date, despite Rust-Oleum's repeated requests, NIC has provided no information to substantiate any such allegations against Rust-Oleum other than Rust-Oleum's decision to "reduce its purchases of NIC products and ultimately terminate the Exclusivity Agreement with NIC last year." *See id*.

17. In the course of its daily operations, Rust-Oleum conducts research into new products and improvements to its existing products.

18. In keeping with its robust research and development function, Rust-Oleum independently developed new products for the restoration and protection of automotive finishes, including headlight restoration. Rust-Oleum's product development in this regard included the formulation of products within the Wipe New product line.

19. Rust-Oleum's development of products within the Wipe New product line was independent, separate and distinct from the product purchased under the Sales Agreement, and Rust-Oleum's independent product development did not, and does not, contravene any obligation of Rust-Oleum under either the Sales Agreement or the Settlement Agreement, contrary to NIC's wholly unsubstantiated allegations.

20. After the mutually agreed upon termination of the Sales Agreement, and while bound by the terms of the Settlement Agreement, NIC through its agents has breached its obligation of good faith and interfered intentionally with Rust-Oleum's relationship with the entity responsible for filling Rust-Oleum products as well as harassed Rust-Oleum's employees in an attempt to frustrate Rust-Oleum's business interests.

21. Upon information and belief, NIC's agents and/or employees contacted Rust-Oleum's filler of products despite having knowledge of a non-disclosure agreement between Rust-Oleum and the filler, in an apparent effort to contract for services relative to a competing product to Wipe New.

22. Additionally, subsequent to the execution of the Settlement Agreement, NIC's employees and agents have unilaterally and without invitation, contacted Rust-Oleum employees via e-mail, phone and in person on a routine, continuous and persistent unwelcome basis in an effort to obtain information about Rust-Oleum's Wipe New business activities. Such conduct contravenes and undermines the purpose and intent of the Settlement Agreement and negates the consideration afforded by Rust-Oleum to NIC thereunder.

23. Upon information and belief, NIC's contact with Rust-Oleum's filler and employees was for the improper purpose of learning Rust-Oleum's proprietary information and/or damaging Rust-Oleum's business relationships.

24. Accordingly, Rust-Oleum seeks a declaratory judgment that it is not in breach of the Sales Agreement or the Settlement Agreement, and further seeks damages resulting from NIC's malfeasance and illegitimate conduct relative to Rust-Oleum's vendors and customers to protect its business interests.

/ / /

## COUNT I

### (DECLARATORY JUDGMENT)

25. Rust-Oleum hereby incorporates and re-alleges the allegations set forth in paragraphs 1-24 hereof as if fully set forth herein.

26. The allegations set forth hereinabove establish that there is a genuine and bona fide dispute and an actual controversy and disagreement between NIC and Rust-Oleum regarding whether Rust-Oleum breached any of its obligations under the Sales Agreement and the Settlement Agreement.

27. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, Rust-Oleum in good faith requests that the Court declare that Rust-Oleum has not at any time breached any of its obligations under the Agreements.

## COUNT II

### (BREACH OF IMPLIED DUTY OF GOOD FAITH AND FAIR DEALING)

28. Rust-Oleum hereby incorporates and re-alleges the allegations set forth in paragraphs 1-27 as if fully set forth herein.

29. The Settlement Agreement attached hereto as Exhibit B created an implied duty of good faith and fair dealing not to interfere with Rust-Oleum's ongoing Wipe New business interests. In return for the payment of three purchase orders, the business relationship was terminated, and Rust-Oleum is free to purchase products and conduct business without interference from NIC.

30. Rust-Oleum has performed all of its obligations under the Settlement Agreement.

31. NIC has breached the duty of good faith and fair dealing inherent to the Settlement Agreement by communicating with Rust-Oleum's vendors, suppliers, and employees

sometimes under false pretenses to gain proprietary, competitive and/or financial information about Rust-Oleum, including but not limited to confidential information regarding Rust-Oleum's products and/or sales activity.

32. As a direct and proximate result of NIC's breach of the duty of good faith and fair dealing, Rust-Oleum has been damaged in excess of $75,000 which amount will be proven with specificity at trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Rust-Oleum requests judgment, including the following relief:

1. A declaration that Rust-Oleum has not at any time breached any of its obligations under the Agreements;

2. A finding that NIC has breached the duty of good faith and fair dealing inherent to the Settlement Agreement;

3. Compensatory damages in an amount to be determined at trial;

4. Rust-Oleum's costs and attorney's fees as provided for under the Settlement Agreement; and

5. Such other and further relief as this Court may deem just and proper.

DATED:  September 12, 2018.         STOEL RIVES LLP


/s/ *D. Jeffrey Courser*
D. JEFFREY COURSER, OSB No. 880374
jeffrey.courser@stoel.com
Telephone:  503.224.3380

Attorneys for Plaintiff

Page 7   -   COMPLAINT FOR DECLARATORY JUDGMENT AND DAMAGES

                                     CALFEE, HALTER & GRISWOLD LLP

                                     COLLEEN M. O'NEIL, pro hac vice forthcoming
coneil@calfee.com
BRENDAN L. HEIL, pro hac vice forthcoming
bheil@calfee.com
Telephone: 216-622-8200

Attorneys for Plaintiff

Page 8  -  COMPLAINT FOR DECLARATORY JUDGMENT AND DAMAGES

98522606.1 0099865-10005.049