IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| RUST-OLEUM CORPORATION,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>NIC INDUSTRIES, INC.,<br><br>　　　　　Defendant. | Case No. 1:18-cv-01655-CL<br><br><br>OPINION & ORDER |

CLARKE, Magistrate Judge.

Plaintiff and Defendant entered into a Sales Agreement whereby Plaintiff, in return for receiving the exclusive right to purchase product from Defendant, agreed to minimum annual purchase amounts. Subsequently, the parties agreed to terminate the Sales Agreement and entered into a Settlement Agreement. Plaintiff filed this cause of action against Defendant seeking a determination that it has not breached its obligations under the Sales Agreement and the Settlement Agreement (the "Agreements"), as well as damages for Defendant's alleged breach of duty of good faith and fair dealing. Defendant filed counterclaims against Plaintiff for

Page 1 of 4 – OPINION & ORDER

breach of contract and misappropriation of trade secrets. This case now comes before the Court on Plaintiff's Rule 12(e) motion for a more definite statement as to what trade secret Defendant claims was misappropriated (#15). For the reasons below, Plaintiff's motion is DENIED.

## LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Rule 12(e) provides that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). In evaluating a motion under Rule 12(e), the proper test is to determine "whether the complaint provides the defendant with a sufficient basis to frame his responsive pleadings." *Federal Sav. & Loan Ins. Corp. v. Musacchio*, 695 F.Supp. 1053, 1060 (N.D. Cal. 1988). Where the detail sought by a motion for more definite statement is available through discovery, the motion should be denied. *See Beery v. Hitachi Home Elecs. (Am.) Inc.*, 157 F.R.D. 477, 480 (C.D. Cal. 1993).

## DISCUSSION

Defendant NIC alleges in its Answer and Counterclaims (#12) that Plaintiff wrongfully reverse engineered the Wipe New product and wrongfully used its trade secrets to make and sell Wipe New in violation of the parties' Agreements. Plaintiff filed this motion for a more definite statement claiming that it could not reasonably prepare a response because it was unclear if the alleged trade secret was a formula, an ingredient, a specific product, or an entire product line. Plaintiff's Reply in Support of Motion, p. 4 (#22).

Defendant's pleading contains the following specific language to support its misappropriation claim:

Paragraph 19. NIC invents and manufactures coating products for industrial and home use. NIC's product, which is the subject of this proceeding, contains a *secret chemical formula* and a *secret ingredient*, which is kept secret and was unknown to other companies such as Rust-Oleum. (The secret chemical formula and secret ingredient are hereafter collectively referred to as the "Secret Formula"). (emphasis added).

Paragraph 20. On or about December 1, 2012, NIC executed an Exclusive Sales Agreement with Wipe New to supply Wipe New with a product formulated by NIC, which Wipe New would then package and sell as a coating product called, "Wipe New". The product supplied by NIC under the Exclusive Sales Agreement utilizes the Secret Formula and contains the secret ingredient. The Wipe New coating product could be applied in the form of a wipe on application for vehicle restoration, detailing, and general household use. The Exclusive Sales Agreement covered applications described in said Agreement. At some point, Rust-Oleum expressed an interest in acquiring, by license or some other mechanism, the right to use the "Wipe New" trademark and brand, along with Wipe New's rights and interest in and to the Exclusive Sales Agreement. In anticipation of this acquisition, Wipe New and NIC entered into a new Exclusive Sales Agreement with an effective date of September 24, 2015, which had been reviewed and approved by Rust-Oleum.

Paragraph 28. On or about November 24, 2015, NIC learned that Rust-Oleum had conducted Gas Chromatography-Mass Spectrometry (GCMS) tests on Wipe New. Said test revealed to Rust-Oleum NIC's Secret Formula, including the identity of the secret ingredient.

Upon review of these paragraphs in relation to Defendant's second counterclaim for misappropriation of trade secrets, the Court finds that Defendant has stated its claim with enough particularity to provide Plaintiff with a sufficient basis to frame its responsive pleading. These paragraphs provide sufficient particularity to conclude that the trade secrets at issue are (1) the formula used to create the Wipe New product supplied by NIC under the Sales Agreement, and (2) a specific secret ingredient used in that formula. Any further detail sought by Plaintiff as to the exact makeup of the formula and the exact alleged secret ingredient is available through discovery. Defendant has agreed to provide its secret formula during discovery under the terms

of a protective order in exchange for Plaintiff's current formula so that the two formulas can be compared and evaluated by experts. The parties are directed to review this Court's Scheduling Order for further guidance regarding the exchange of the respective formulas. The Scheduling Order will be filed after a protective order has been adopted in this case.

## ORDER

Based on the foregoing, and pursuant Rule 12(e), Plaintiffs motion for a more definite statement (#15) is DENIED.

IT IS SO ORDERED.

DATED this 2 day of January, 2019.

MARK D. CLARKE
United States Magistrate Judge