IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| RUST-OLEUM CORPORATION, | Case No. 1:18-cv-01655-CL |
| Plaintiff, | |
| v. | OPINION & ORDER |
| NIC INDUSTRIES, INC., | |
| Defendant. | |

CLARKE, Magistrate Judge.

This case comes before the Court on Defendant NIC's Motion to Modify Plaintiff's Third-Party Subpoena to EMD (#38). For the reasons discussed below, NIC's Motion to Modify Plaintiff's Subpoena, NIC's Motion is GRANTED in part and DENIED in part.

As a preliminary matter before reaching the current motion before the Court, NIC also sent a subpoena to EMD prior to the parties entering into the Stipulated Protective Order (#33). Both parties purchase an alleged secret ingredient from the third-party supplier EMD. This Court stayed NIC's subpoena to EMD pending the enforcement of the stipulated protective order and the simultaneous exchange of the party's respective formulas. Now that the protective order

Page 1 of 4 – OPINION & ORDER

is in place and the exchange of formulas has occurred, IT IS SO ORDERED that the stay on NIC's subpoena to EMD is lifted.

## DISCUSSION

The history of this case is fairly straightforward. Plaintiff and Defendant entered into a Sales Agreement prior to this litigation. The Agreement contained Intellectual Property and Confidentiality provisions. The parties mutually agreed to terminate the Agreement approximately two years later and entered into a Settlement Agreement. After receiving a cease and desist letter from Defendant, Plaintiff filed this action seeking a determination that it has not breached its obligations under the Sales Agreement and Settlement Agreement. Additionally, Plaintiff is seeking damages for Defendant's alleged breach of duty of good faith and fair dealing resulting from its interference with Plaintiff's business operations. In response, Defendant filed counterclaims for breach of contract, misappropriation of trade secrets, and is also seeking damages. Defendant claims that Plaintiff used its trade secrets to reverse engineer its product and sell it themselves. A stipulated protective order has been filed in this case to protect the disclosure of confidential information as litigation progresses.

Plaintiff has requested nine categories of documents from EMD, the third-party supplier of the alleged secret ingredient, and Defendant moves to quash categories one and five. Defendant argues that categories one and five are overbroad in that they involve the alleged secret ingredient but are not limited to the ingredient as it relates to Wipe New, the product line at issue in this case. Defendant also wants the subpoena to be modified so that EMD is not required to disclose the price paid by Defendant for EMD products because such information is irrelevant to this case and may give Plaintiff an undue competitive advantage. Plaintiff argues that information regarding the alleged trade secret ingredient, regardless of whether it is limited

to Wipe New or other products, is relevant in this case because Defendant put the trade secret ingredient directly at issue by filing a trade secret counterclaim.

In federal court, under Rule 26, the general scope of discovery is as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. Pro. 26(b)(1).

The main issue in this case seems to be whether the secret ingredient obtained from EMD is in fact a trade secret. For this reason, communications and documents that were exchanged by and between EMD, EMD employees, and Defendant relating to the sale of the secret ingredient seem relevant to whether this ingredient is indeed trade secret in nature. However, due to the importance of confidentiality in this case and out of an abundance of caution, any documents or information produced by EMD shall be designated as highly confidential and limited to only "out-house" counsel and outside experts. Moreover, EMD is not required to produce information about pricing or non-party customer information. If redacting or removing this price and non-party customer information results in an undue burden on EMD as a third-party, counsel shall confer on the best method for complying with this order. The requirements just described will apply equally to both parties, meaning EMD is also not required to produce information about pricing or non-party customer information in response to Defendant's subpoena. Should pricing information from EMD become necessary to determine damages as this case approaches trial, the Court will revisit the issue at that time.

## ORDER

Based on the foregoing, Defendant's Motion to Modify Plaintiff's Subpoena (#38) is GRANTED in part and DENIED in part.

IT IS SO ORDERED.

DATED this 29 day of May, 2019.

MARK D. CLARKE
United States Magistrate Judge