IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| RUST-OLEUM CORPORATION, | Case No. 1:18-cv-01655-CL |
| Plaintiff, | |
| v. | OPINION & ORDER |
| NIC INDUSTRIES, INC., | |
| Defendant. | |

CLARKE, Magistrate Judge.

This case comes before the Court on Plaintiff Rust-Oleum's Motion for Leave to File an Amended Complaint (#54). For the reasons discussed below, Rust-Oleum's motion is GRANTED.

## BACKGROUND

Rust-Oleum and Defendant NIC entered into a Sales Agreement concerning the product "Wipe New" prior to this litigation. Under the Sales Agreement, Rust-Oleum assumed the obligation to purchase certain minimum quantities of product from NIC or alternatively pay a specified sum in exchange for the right to be the exclusive purchaser of the Wipe New product supplied by NIC for "Covered Applications." Compl. Exhibit A, at 1 (#1-1). The parties

Page 1 of 4 – OPINION & ORDER

mutually agreed to terminate the Agreement approximately two years later and entered into a Settlement Agreement. After receiving a cease and desist letter from NIC, Rust-Oleum filed this action seeking a determination that it has not breached its obligations under both the Sales Agreement and Settlement Agreement. Additionally, Rust-Oleum is seeking damages for NIC's alleged breach of duty of good faith and fair dealing resulting from its interference with Rust-Oleum's business operations. In response, NIC filed counterclaims for breach of contract, misappropriation of trade secrets, and is also seeking damages. NIC counterclaims that Rust-Oleum used its trade secrets to reverse engineer Wipe New and sell it themselves. Rust-Oleum now seeks leave to amend its complaint to add claims for fraud in the inducements and breach of contract.

## LEGAL STANDARD

Federal Rule of Civil Procedure 15(a) provides that leave to amend a pleading "shall be freely given when justice so requires." This rule represents a "strong policy permitting amendment." *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 798 (9th Cir. 1991). The liberality of the rule is qualified by the requirement that the amendment not cause undue prejudice to the opposing party, is not sought in bad faith, and is not futile. *Green v. City of Tucson*, 255 F.3d 1086, 1093 (9th Cir. 2001). Thus, whether leave to amend should be granted is generally determined by considering the following: 1) undue delay; 2) bad faith; 3) futility of amendment; and 4) prejudice to the opposing party. *Lockheed Martin v. Network Solutions Inc.*, 194 F.3d 980, 986 (9th Cir.1999).

Not all of the factors merit equal weight. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (per curiam). The consideration of prejudice to the opposing party carries the greatest weight and is the "touchstone of the inquiry under Rule 15(a)." *Id.* at

1052. Absent prejudice, or a strong showing of any of the remaining factors, there exists a presumption under rule 15(a) in favor of granting leave to amend. *Id.*

## DISCUSSION

Rust-Oleum seeks to add claims for breach of contract and fraud in the inducement. Rust-Oleum's proposed amendments are based on alleged information uncovered during discovery. Rust-Oleum allegedly discovered that NIC breached its exclusivity obligations under the Sales Agreement by selling products to third parties that were substantially similar or the same as the "Products" defined by the Sales Agreement, and by selling these products to third parties for "Covered Applications." Rust-Oleum further claims that NIC intentionally misrepresented that it had maintained exclusivity to induce Rust-Oleum into entering the Settlement Agreement.

NIC argues that Rust-Oleum's additional claims are futile because 1) Rust-Oleum released any and all known or unknown claims against NIC when it signed the Settlement Agreement and 2) Rust-Oleum's new claims fail to state a claim in that they are inconsistent with the terms of the Sales Agreement. NIC has not satisfied its burden of showing the futility of Rust-Oleum's proposed amendments or that undue prejudice will result from the amendments.

First, under Oregon law, fraud with respect to a transaction that is the subject of a release does not bar enforcement of a release, so long as the release was not itself the product of fraud in the inducement. *Ristau v. Wescold, Inc.*, 868 P.2d 1331 (Or. 1994); *see also Whitehead v. Montgomery Ward & Co., Inc.*, 239 P.2d 226, 237 (Or. 1952) (if a plaintiff was induced to enter into a release "by means of [the] defendant's fraud or material misrepresentation, the transaction is voidable"). Here, Rust-Oleum claims that the release itself was the product of fraud in the inducement because it entered into the Settlement Agreement in reliance on NIC's alleged

material misrepresentation that NIC had sold the "Product" exclusively to Rust-Oleum. Therefore, the existence of the Settlement Agreement does not bar Rust-Oleum's claim of fraud in the inducement.

Second, Rust-Oleum has alleged sufficient facts to support its breach of contract claim at the pleading stage. "An amendment is futile when 'no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense.'" *Robillard*, 337 F. Supp. 3d at 969 (D. Or. 2018) (quoting *Miller*, 845 F.2d at 214 (9th Cir. 1988)). When deciding a motion for leave to amend under Rule 15(a), the Court may only consider allegations in the proposed amended complaint and documents incorporated by reference, such as the Sales Agreement. *See Robillard*, 337 F. Supp. 3d at 969. NIC argued that it did not breach the Sales Agreement because the products are not substantially similar or are applied in different ways and introduced evidence about the products through a declaration. Not only is this evidence outside the proposed amended complaint, and therefore not appropriate for the Court to consider, but whether the products are substantially similar is an issue of fact that cannot be decided by the Court at this time. Therefore, the presumption of Rule 15(a) weighs in favor of granting leave to amend.

## ORDER

Rust-Oleum's Motion for Leave to File an Amended Complaint (#54) is GRANTED.

IT IS SO ORDERED.

DATED this ___ day of July, 2019.

MARK D. CLARKE
United States Magistrate Judge