IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| RUST-OLEUM CORPORATION, | Case No. 1:18-cv-01655-CL |
| Plaintiff, | |
| v. | OPINION & ORDER |
| NIC INDUSTRIES, INC., | |
| Defendant. | |

CLARKE, Magistrate Judge.

This case comes before the Court on Defendant NIC's Motion for Protective Order (#51). For the reasons stated below, NIC's motion is GRANTED in part and DENIED in part.

## BACKGROUND

Rust-Oleum and NIC entered into a Sales Agreement concerning the product "Wipe New" prior to this litigation. Under the Sales Agreement, Rust-Oleum assumed the obligation to purchase certain minimum quantities of product from NIC or alternatively pay a specified sum in exchange for the right to be the exclusive purchaser of the Wipe New product for "Covered Applications." Compl. Exhibit A, at 1 (#1-1). The parties mutually agreed to terminate the Agreement approximately two years later and entered into a Settlement Agreement. After

Page 1 of 4 – OPINION & ORDER

receiving a cease and desist letter from NIC, Rust-Oleum filed this action seeking a determination that it has not breached its obligations under both the Sales Agreement and Settlement Agreement. Additionally, Rust-Oleum is seeking damages for NIC's alleged breach of duty of good faith and fair dealing resulting from its interference with Rust-Oleum's business operations. In response, NIC filed counterclaims for breach of contract, misappropriation of trade secrets, and is also seeking damages. NIC claims that Rust-Oleum used its trade secrets to reverse engineer its product and sell it themselves. Before discovery commenced, a stipulated protective order was filed in this case to protect the disclosure of confidential information as litigation progresses.

After conducting some discovery, Rust-Oleum filed an amended complaint adding claims for fraud in the inducement and breach of contract. Rust-Oleum alleges that NIC breached its exclusivity obligations under the Sales Agreement by selling products to third parties that were substantially similar or the same as the "Products" defined by the Sales Agreement, and by selling these products to third parties for "Covered Applications." Rust-Oleum further alleges that NIC intentionally misrepresented that it had maintained exclusivity to induce Rust-Oleum into entering the Settlement Agreement.

## LEGAL STANDARD

A motion for protective order requires a showing of good cause that the party will suffer harm or will be subject to "undue burden or expense." *Ciuffitelli v. Deloitte & Touche LLP*, 3:16-cv-0580-AC (D. Or. Nov. 28, 2016). The party seeking the protective order must establish that "specific harm or prejudice will result if no protective order is granted." *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003). Good cause is generally a "heavy burden." *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975).

## DISCUSSION

In its motion for protective order, NIC seeks an order prohibiting Rust-Oleum from obtaining information related to NIC's CERAKOTE product line. NIC argues that the CERAKOTE product line is not substantially similar to Wipe New and is therefore irrelevant to the issues in this case and should not be a topic for discovery. The Federal Rules of Civil Procedure regarding discovery create a "broad right of discovery" because "wide access to relevant facts serves the integrity and fairness of the judicial process by promoting the search for the truth." *Epstein v. MCA, Inc.*, 54 F.3d 1422, 1423 (9th Cir. 1995) (quoting *Shoen v. Shoen*, 5 F.3d 1289, 1292 (9th Cir. 1993)). The scope of discovery includes "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).

In light of Rust-Oleum's recently added claims for breach of contract and fraud in the inducement, the question of whether CERAKOTE and Wipe New are substantially similar is now directly at issue in this case. During the time of the Sales Agreement between the parties, NIC allegedly sold a product in the CERAKOTE Clear Product line named MC-156, which is allegedly the original name for Wipe New. What was disclosed to customers or the public about the formula or application of these products and the actual similarities between these products is relevant to the claims brought by both parties in this case. Therefore, NIC cannot prohibit Rust-Oleum from obtaining discoverable information related to CERAKOTE.

However, in consideration of the concerns raised by NIC, discovery related to the CERAKOTE products shall be limited to the CERAKOTE clear ceramic coating product line, also referred to in the briefs as CERAKOTE Clear Products, and the following specific products: MC-156, MC-156 Cerakote Clear, Crystal Micro-Clear, AI Clear BB CA, and AI Clear RCA.

The timeframe for discoverable information related to CERAKOTE products will be limited to January 1, 2015 through January 31, 2018. In addition to the confidentiality terms included in the Stipulated Protective Order, all review of the produced information related to these products will be limited to trial attorneys and outside experts.

## ORDER

For the reasons discussed above, NIC's Motion for Protective Order (#51) is GRANTED in part and DENIED in part. IT IS SO ORDERED.

DATED this ___ day of August, 2019.

MARK D. CLARKE
United States Magistrate Judge