IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| RUST-OLEUM CORPORATION, | Case No. 1:18-cv-01655-CL |
| Plaintiff, | |
| v. | OPINION & ORDER |
| NIC INDUSTRIES, INC., | |
| Defendant. | |

CLARKE, Magistrate Judge.

This case comes before the Court on Defendant NIC's Motion to Dismiss (#70). For the reasons discussed below, NIC's motion is DENIED.

### BACKGROUND

Plaintiff Rust-Oleum and Defendant NIC entered into a Sales Agreement concerning the product, "Wipe New," prior to this litigation. Under the Sales Agreement, Rust-Oleum agreed to purchase certain minimum quantities of product from NIC or alternatively pay a specified sum in exchange for the right to be the exclusive purchaser of the Wipe New product for "Covered

Applications." Compl. Exhibit A, at 1 (#1-1). The parties mutually agreed to terminate the Agreement approximately two years later and entered into a Settlement Agreement. After receiving a cease and desist letter from NIC, Rust-Oleum filed this action seeking a determination that it has not breached its obligations under both the Sales Agreement and Settlement Agreement. Additionally, Rust-Oleum is seeking damages for NIC's alleged breach of duty of good faith and fair dealing resulting from interference with Rust-Oleum's business operations. In response, NIC filed counterclaims for breach of contract and misappropriation of trade secrets. NIC claims that Rust-Oleum used trade secrets to reverse engineer Wipe New and sell it themselves.

After conducting some discovery, Rust-Oleum requested leave to file an amended complaint adding claims of fraud in the inducements and breach of contract. NIC opposed the proposed amendments on the grounds they were futile. This Court granted leave and Rust-Oleum filed its First Amended Complaint (#64) shortly thereafter. NIC now moves to dismiss the added claims, arguing the same points that it raised when opposing Rust-Oleum's motion for leave to amend.

## LEGAL STANDARD

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a motion to dismiss will be granted where the plaintiff fails to state a claim upon which relief may be granted. In order to state a claim for relief, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted 'tests the legal sufficiency of a claim.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)).

Dismissal under Rule 12(b)(6) is proper "if there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" *Id.* (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When evaluating a motion to dismiss, the court may first identify and strike allegations that are mere legal conclusions. *Id.* However, the court must accept allegations of fact as true and construe those allegations in the light most favorable to the non-moving party. *Id.*; *Odom v. Microsoft Corp.*, 486 F.3d 541, 545 (9th Cir. 2007) (internal citations omitted).

## DISCUSSION

NIC argues that Rust-Oleum's added claims of fraud in the inducement and breach of contract should be dismissed for two reasons: (1) Rust-Oleum released any and all claims under the Settlement Agreement; and (2) Rust-Oleum's breach of contract claim is inconsistent with the terms of the Sales Agreement. These are the exact same arguments that NIC raised in its opposition to Rust-Oleum's Motion for Leave to Amend. Response at 1 (#55). NIC acknowledges that these arguments were previously briefed by the parties, but asserts that the Court should consider them again because it can now apply the Rule 12(b)(6) standard, as opposed to the "more liberal" Rule 15(a) standard that it applied before, and because "the Court was not presented with all of the relevant case authority on this matter." Mtn. to Dismiss at 7 (#70). This Court previously rejected NIC's arguments and it does so again.

First, applying the motion to dismiss legal standard as opposed to the Rule 15(a) standard makes no difference here. When opposing Rust-Oleum's request for leave to amend, NIC

argued that the proposed amendments were futile for the same two reasons stated above. "An amendment is futile when 'no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense.'" *Robillard*, 337 F. Supp. 3d at 969 (D. Or. 2018) (quoting *Miller,* 845 F.2d at 214 (9th Cir. 1988)). Therefore, to determine whether the new claims were indeed futile, the Court essentially looked to see whether the new claims could survive a motion to dismiss under Rule 12(b)(6). *See R&M Jewelry, LLC v. Michael Anthony Jewelers, Inc.*, 221 F.R.D. 398 (S.D.N.Y. 2004) ("In determining if amendment to pleadings would be futile, court looks to see whether it could survive Fed. R. Civ. P. 12(b)(6) motion to dismiss, construing amendment in light most favorable to movant."). Under either standard and for the reasons explained in the Court's previous opinion, Rust-Oleum has stated sufficient factual allegations to state a claim for breach of contract and fraud in the inducement.

Second, if "relevant case authority" existed at the time the parties previously briefed these arguments, then NIC should have presented such relevant authority then. In an abundance of caution and respect for the parties, this Court reviewed NIC's subsequently presented authority anyway. The Court remains unconvinced by the additional caselaw. None of the cited cases provide an example of a court dismissing a fraud in the inducement claim based on a release at the pleading stage. Instead, the cases involve appeals from summary judgment or denied directed verdicts and depend heavily on the specific language used in the release agreements, the context of the negotiated release, and the nature of the relationships between the parties. For example, in *Lindgren v. Berg*, which NIC argues is the most analogous to this case out of the cited cases, the Oregon Supreme Court extensively reviewed the language and circumstances of the release and the relationship between the parties before holding that the fraud claim was barred because the release expressly encompassed claims arising from "fraud,

nondisclosure, [or] misrepresentation," all transactions related to the joint venture, and all relationships between the parties. *Lindgren v. Berg*, 307 Ore. 659, 665 (1989). By asking this Court to decided on a motion to dismiss whether Rust-Oleum's fraud in the inducement claim is barred by the release, NIC is asking this Court to interpret a contractual provision and rule on the merits of these claims at a stage where it does not have all the information it needs to do so. The Court will not prematurely decide that the Settlement Agreement bars Rust-Oleum's claims of breach of contract and fraud in the inducement.

Therefore, NIC's motion to dismiss is denied because Rust-Oleum's First Amended Complaint contains sufficient factual allegations to state a claim for breach of contract and fraud in the inducement, and arguments on whether the Settlement Agreement bars these claims as a matter of law is procedurally premature at this stage in the litigation.

## ORDER

NIC's motion to dismiss (#70) claims in Plaintiff's First Amended Complaint is DENIED.

IT IS SO ORDERED.

DATED this 10 day of September, 2019.

MARK D. CLARKE
United States Magistrate Judge