IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

RUST-OLEUM CORPORATION,

        Plaintiff,

        v.

NIC INDUSTRIES, INC.,

        Defendant.

Case No. 1:18-cv-01655-CL

OPINION & ORDER

CLARKE, Magistrate Judge.

    This case comes before the Court on Defendant NIC's Motion to Compel Production (#79) and Motion to Modify the Protective Order (#88).  For the reasons below, the motion to compel is GRANTED and the motion to modify is DENIED.

## BACKGROUND

    Plaintiff Rust-Oleum and Defendant NIC entered into a Sales Agreement concerning the product, "Wipe New," prior to this litigation.  Under the Sales Agreement, Rust-Oleum agreed to purchase certain minimum quantities of product from NIC or alternatively pay a specified sum in

Page 1 of 5 – OPINION & ORDER

exchange for the right to be the exclusive purchaser of the Wipe New product for "Covered Applications." Compl. Exhibit A, at 1 (#1-1). The parties mutually agreed to terminate the Agreement approximately two years later and entered into a Settlement Agreement. After receiving a cease and desist letter from NIC, Rust-Oleum filed this action seeking a determination that it has not breached its obligations under both the Sales Agreement and Settlement Agreement. Additionally, Rust-Oleum is seeking damages for NIC's alleged breach of duty of good faith and fair dealing resulting from interference with Rust-Oleum's business operations. In response, NIC filed counterclaims for breach of contract and misappropriation of trade secrets. NIC claims that Rust-Oleum used trade secrets to reverse engineer Wipe New and sell it themselves.

## DISCUSSION

### I. Motion to Compel Discovery

Federal Rule of Civil Procedure 26(b)(1) provides that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issue, and whether the burden or expense of the proposed discovery outweighs its benefit.

Federal Rule of Civil Procedure 37 allows a party seeking discovery to bring a motion to compel responses to discovery. The resisting party carries the heavy burden of showing why discovery should be denied. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975). The resisting party must show the discovery request is overly broad, unduly burdensome, irrelevant, or disproportional in light of "the issues at stake." Fed.R.Civ.P. 26(b)(2)(C); *Teller v. Dogge*, No. 2:12-cv-591-JCM, 2013 WL 1501445 (D. Nev. Apr. 10, 2013) (citing *Graham v.*

*Casey's Gen. Stores*, 206 F.R.D. 251, 253-54 (S.D. Ind. 2000)). In order to meet this heavy burden, the resisting party must detail, with specificity, the reasons why each request is improper; "[b]oilerplate, generalized objections are inadequate and tantamount to making no objection at all." *S.E.C. v. Banc de Binery*, 2014 WL 5506780, at *3 (D. Nev. Oct. 30, 2014). "Under Rule 34, a party is not required to prepare new documents; the Rule only requires a party to produce documents that already exist." *Perales v. Thomas*, No. 10-cv-01314-BR, 2012 WL 4760872, *1 (D. Or. Oct. 4, 2012) (citing *Alexander v. FBI*, 194 F.R.D. 305, 310 (D.C. Cir. 2000); *Van v. Wal-Mart Stores,* 2011 WL 62499, *1 n.1 (N.D. Cal. Jan 7, 2011)).

First, defendant NIC seeks an order compelling Rust-Oleum to produce year-end profit and loss statements from the Wipe New product line from 2016 to present. It appears that this issue has been resolved per the parties' statements at oral argument. Therefore, the Court declines to discuss this issue further.

Second, NIC seeks an order compelling Rust-Oleum to produce FTIR test result data from 2015 through 2018 in the form of colored print outs. Running a FTIR test allegedly identifies the chemical composition of the formula being tested. NIC claims that obtaining these test results is key to the outcome of this case. Rust-Oleum argues that it produced hundreds of FTIR reports that were prepared by their analytical department, as well as the native files from all tests. Rust-Oleum claims that the native files may be opened using software associated with the lab equipment or by using open source software available online. Rust-Oleum further claims that if it is ordered to produce screenshots of the native program files for the analytical tests at issue and then review them prior to production it would take countless hours of time and associated costs. While the Court is reluctant to order production when it may result in Rust-Oleum incurring inordinate costs, the Court does recognize how important these test results are

to the outcome of this case.  NIC has indicated that it cannot access the native files as they were produced.  Rust-Oleum appears to be in the best position to convert the native files into useable documents.  Therefore, Rust-Oleum is ordered to produce the FTIR test result data from 2015 through 2018 in the form of colored print outs.  However, Rust-Oleum should keep a detailed record of the time and costs associated with producing these documents and is permitted to file a motion seeking cost-shifting under Federal Rule of Civil Procedure 26(c)(1)(B).

## II.    Motion to Modify Protective Order

A motion to modify a protective order "must establish good cause by demonstrating how refusing the requested modification to the protective order will prejudice the party's case." *Intel Corp. v. VIA Technologies, Inc.*, 198 F.R.D. 525, 528. When there is an unacceptable risk of disclosure of competitive information a court should not modify a protective order to allow for additional disclosure. *See, Brown Bag Software v. Symantec Corp.*, 906 F.2d 1465, 1470 (9th Cir. 1992) (citing *U.S. Steel Corp. v. United States*, 730 F.2d 1465 (Fed.Cir.1984)). The court must balance the "risk of inadvertent disclosure of trade secrets to a competitor, against the risk…that protection of…trade secrets impair[s]" the prosecution of the party's claims. *Id.* at 1470.

In this case, the stipulated protective order ("PO") was heavily negotiated. Originally, the PO allowed "Highly Confidential" information to be reviewed by counsel and independent, non-employee and non-party experts. PO #33 ¶ 11.  The parties later agreed, in writing, that each party could designate two employee representatives to review highly confidential information to assist each party in pursuing and evaluating their claims.  NIC now moves to modify the PO to allow NIC to designate an additional employee, Chemist Aaron Anderson.  Mr. Anderson is currently NIC's Senior Scientist who leads the Polysilazane Development Group at NIC. NIC's

reason for needing to designate Mr. Anderson is that one of NIC's formerly designated employees, Alex Lukacs, has retired and no longer works for NIC. However, Mr. Lukacs has been retained by NIC as an outside expert for this case.

Rust-Oleum argues that allowing Mr. Anderson to review highly confidential information as designated under the PO will risk inadvertent disclosure of trade secrets. Rust-Oleum claims that NIC is its direct competitor and Mr. Anderson is a person directly involved in competitive decision making. In balancing the risk of inadvertent disclosure of trade secrets to a competitor against the risk that protection of trade secrets impairs NIC's ability to prosecute its claims, the Court sides in favor of Rust-Oleum. NIC has not carried its burden of demonstrating how refusing the requested modification to the PO will prejudice its case. NIC is permitted under the PO to hire additional outside experts, if needed. Surely, Mr. Anderson is not the only chemist capable of reviewing documents related to this case. Therefore, NIC's motion to modify the protective order is denied.

## ORDER

NIC's Motion to Compel Production (#79) is GRANTED. Rust-Oleum shall have sixty (60) days from the date of this order to produce the requested documents. NIC's Motion to Modify the Protective Order (#88) is DENIED.

IT IS SO ORDERED.

DATED this __4__ day of May, 2020.

_____
MARK D. CLARKE
United States Magistrate Judge