D. Jeffrey Courser, OSB No. 880374
jeffrey.courser@stoel.com
STOEL RIVES LLP
760 SW Ninth Avenue, Suite 3000
Portland, OR 97205
Telephone: 503.224.3380
Facsimile: 503.220.2480

Colleen M. O'Neil, pro hac vice
coneil@calfee.com
Alexandra R. Forkosh, pro hac vice
aforkosh@calfee.com
CALFEE, HALTER & GRISWOLD LLP
1405 East Sixth Street
The Calfee Building
Cleveland, OH 44114
Telephone: 216-622-8200
Facsimile: 216-241-0816

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| RUST-OLEUM CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>NIC INDUSTRIES, INC.,<br><br>Defendant. | Case No.: 1:18-cv-01655-CL<br><br>**RUST-OLEUM'S MOTION FOR PROTECTIVE ORDER** |

**LR 7-1 CERTIFICATION**

Pursuant to Local Rule 7-1, Plaintiff/Counterclaim Defendant Rust-Oleum Corporation ("Rust-Oleum") certifies that it conferred, by and through counsel, with counsel for Defendant NIC Industries, Inc. ("NIC") as to the issues raised herein. As the parties did not reach agreement on the issues raised herein, Rust-Oleum seeks relief from the Court as outlined below.

**MOTION**

Plaintiff/Counterclaim Defendant Rust-Oleum Corporation ("Rust-Oleum") hereby moves the Court, pursuant to Fed. R. Civ. P. 26(c), for a Protective Order permitting Rust-Oleum to reschedule the depositions of four witnesses due to a recently discovered scheduling conflict. Rust-Oleum submits that this Motion is made upon good cause and is not made for purposes of delay. To the contrary, Rust-Oleum provided multiple alternative near-term dates such that rescheduling the depositions at issue will allow Defendant's/Counterclaimant's counsel to proceed with the witnesses in the order previously proposed and will not affect the case schedule in place. The grounds for this motion are more fully set forth in the accompanying memorandum and supported by the declaration of Colleen M. O'Neil filed contemporaneously herewith.

**MEMORANDUM**

**I. RELEVANT BACKGROUND**

On December 11, 2020, the parties submitted a Joint Status Report regarding the deposition schedule (the "Deposition Schedule"). (Dkt. #111.) Pursuant to the Deposition Schedule, the depositions of four Rust-Oleum witnesses were scheduled for the week of February 8, 2021. *Id.*

On the evening of January 28, 2020, counsel for Rust-Oleum learned that RPM International Inc., Rust-Oleum's parent company, had rescheduled a mandatory Legal & Compliance Meeting for February 9-11, 2021. *See* Declaration of Colleen M. O'Neil, dated

February 1, 2021, ¶ 3 ("O'Neil Decl."). The Legal & Compliance Meeting was initially scheduled for dates in December 2020. *Id.* ¶ 4. The scheduling conflict resulting from the Legal & Compliance Meeting was not previously brought to light simply due to oversight. *Id.*

The very next day, Rust-Oleum's counsel informed NIC's counsel of the scheduling conflict and provided myriad alternative deposition dates between February 22, 2021 and March 3, 2021 for the four depositions at issue. *Id.* ¶ 7. Instead of reasonably negotiating Rust-Oleum's proposed alternative dates, NIC's counsel instead instructed Rust-Oleum's counsel to obtain a protective order. *Id.* ¶ 8.

## II. ARGUMENT

Federal Rule of Civil Procedure 26(c) permits the court to, "for good cause, issue an order to protect a party or person from annoyance, embarrassment, or undue burden or expense, including … specifying terms, including time and place … for the disclosure or discovery." Fed. R. Civ. P. 26(c)(B). The party seeking protection "must show specific harm or prejudice will result unless the motion for protective order is granted," and district courts have "broad discretion … to decide when a protective order is appropriate and what degree of protection is required." *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002).

In this case, the scheduling conflict presented by the Legal & Compliance Meeting would prevent Rust-Oleum's corporate representative from attending the depositions previously scheduled for the week of February 8, 2021. Rust-Oleum's corporate representative is critical to the pursuit of Rust-Oleum's claim and the defense of NIC's counterclaims in that he has been involved with this dispute since its inception and has coordinated all aspects of this case with the internal personnel involved and counsel for Rust-Oleum. Rust-Oleum would be prejudiced should its witnesses be required to present deposition testimony without the responsible corporate

representative in attendance to endorse and guide the legal strategy for its witnesses' respective deposition defense, prejudice to which NIC is certainly attuned. O'Neil Decl., ¶¶ 5-6.

Additionally, despite the fact that the necessity of the four at-issue depositions is highly questionable given Rust-Oleum's pending Motion for Leave to Move for Summary Judgment and Stay Discovery on Defendant's Counterclaims Pending Resolution of Same (Dkt. #112), Rust-Oleum does not at this time assert that NIC is precluded from taking these depositions.[1] Rather, Rust-Oleum provided multiple alternative dates for these depositions between February 22, 2021 and March 3, 2021 – a mere one-to-two weeks after the initially scheduled dates. The very near-term alternative dates Rust-Oleum has provided do not affect the case schedule in place, NIC may proceed with these depositions if still necessary in the order it previously set and NIC will not be prejudiced should these depositions be rescheduled. Accordingly, Rust-Oleum requests that the Court enter a Protective Order permitting Rust-Oleum to reschedule the four depositions previously scheduled for the week of February 8, 2021.

## III. CONCLUSION

For the foregoing reasons, Rust-Oleum respectfully submits that its Motion for Protective Order be granted.

[1] By pursuing the rescheduling of the depositions at issue and seeking a protective order, Rust-Oleum does not waive any of the issues and arguments set forth in its Motion for Leave to Move for Summary Judgment and Stay Discovery on Defendant's Counterclaims Pending Resolution of Same and its Reply in Support of same, both of which are incorporated herein by reference. *See* Dkts. #112, 115.

DATED: February 1, 2021.

STOEL RIVES LLP

s/*Jeffrey Courser*
D. JEFFREY COURSER, OSB No. 880374
jeffrey.courser@stoel.com
Telephone: 503.224.3380

Attorneys for Plaintiff

CALFEE, HALTER & GRISWOLD LLP

s/*Alexandra R. Forkosh*
COLLEEN M. O'NEIL, pro hac vice
coneil@calfee.com
ALEXANDRA R. FORKOSH, pro hac vice
aforkosh@calfee.com
Telephone: 216-622-8200

Attorneys for Plaintiff