IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| RUST-OLEUM CORPORATION, | Case No. 1:18-cv-01655-CL |
| Plaintiff, | |
| v. | OPINION & ORDER |
| NIC INDUSTRIES, INC., | |
| Defendant. | |

CLARKE, Magistrate Judge.

This case comes before the Court on Rust-Oleum's Motion to Strike NIC's Amended Counterclaims (#135). The motion is DENIED.

On March 1, 2021, Rust-Oleum sought leave from this Court to file a Second Amended Complaint. Rust-Oleum filed the motion *instanter* and requested that, should the Court grant leave, the Court deem the Second Amended Complaint filed on March 1, 2021. Rust-Oleum sought to add allegations to its fraudulent inducement claim, including allegations that NIC

fraudulently represented that it had propriety rights to its formula to induce Rust-Oleum to enter into the Sales Agreement and Settlement Agreement.

On March 9, 2021, this Court granted Rust-Oleum's motion for leave and the Second Amended Complaint became the operative pleading in this case. On April 12, 2021, NIC filed an Answer to the Second Amended Complaint, which included a new counterclaim of fraud. NIC's fraud counterclaim includes allegations that Rust-Oleum made misrepresentations when the parties agreed terminate the Sales Agreement and to enter into the Settlement Agreement.

Rust-Oleum now moves to strike NIC's counterclaims on the grounds that it was filed past the deadline for amendment of pleadings, NIC neither sought nor was granted leave from this Court to amend, nor did NIC request Rust-Oleum's written consent to amend. A court may strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The disposition of a motion to strike is within the discretion of the district court. *See Fed. Sav. & Loan Ins. Corp. v. Gemini Mgmt.*, 921 F.2d 241, 244 (9th Cir. 1990).

Fed. R. Civ. P. 15(a) states that a party may amend its pleading once as a matter of course within (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires. FRCP 15. Rule 15(a) creates a liberal policy in favor of granting leave to amend "so that matters may be decided on merit rather than 'bare pleadings.'" *Heffington v. Gordon*, No. 3:16-cv-02079- AC, 2017 U.S. Dist. LEXIS 119425, *2 (D. Or. July 28, 2017) citing *United States v. Webb,* 655 F.2d 977, 979 (9th Cir. 1981).

Having reviewed the amended pleadings, the Court finds no prejudice in allowing the amended Answer and Counterclaims to move forward. Moreover, even assuming that NIC was required to seek leave to amend, leave would have been granted in the interest of justice. NIC's fraud counterclaim involves the same transaction and communications as Rust-Oleum's fraudulent inducement claim. NIC's Corporate Representative had not yet been deposed at the time that NIC filed its amended answer and counterclaim or by the time Rust-Oleum filed this motion to strike. It is the Court's understanding that the corporate representative still has not been deposed, but the deposition is scheduled for June 17. The parties stipulated to extending the fact discovery deadline to July 15, 2021. Therefore, Rust-Oleum has time to conduct discovery relevant to NIC's fraud counterclaim.

**ORDER**

For the foregoing reasons, Rust-Oleum's Motion to Strike (#135) is DENIED.

IT IS SO ORDERED.

DATED this 27 day of May, 2021.

_____
MARK D. CLARKE
United States Magistrate Judge