UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

MEDFORD DIVISION

RUST-OLEUM CORPORATION,                    Case No.: 1:18-cv-01655-CL

                    Plaintiff,

            v.

                                           **OPINION AND ORDER**

NIC INDUSTRIES, INC.,

                    Defendant.

---

CLARKE, Magistrate Judge.

This case comes before the Court on Plaintiff Rust-Oleum's Motion to Modify the Court's May 28, 2019 Order (#160). For the reasons discussed below, Rust-Oleum's Motion to Modify the Court's May 28, 2019 Order is GRANTED.

**DISCUSSION**

The Order of May 28, 2019 is adopted herein by reference. The scope and claims at issue in this case have changed since the May 28, 2019 Order in that the pleadings have been amended on multiple occasions and the parties have conducted extensive discovery.

Plaintiff filed the subject Motion to Modify in an effort to obtain disclosure of pricing information for the products sold by third-party EMD to both Plaintiff and Defendant for purposes of trial preparation, namely each parties' damages analyses and trial. As both parties agree to the disclosure of this pricing information, the Motion to Modify is granted and the pricing information shall be maintained as Highly Confidential under the Stipulated Protective Order up until the time of trial.

Plaintiff filed the subject Motion to Modify for the additional request to obtain disclosure of customer information under a Distributorship Agreement between EMD and Defendant, which customer information originated in 2012. Plaintiff seeks discovery of this information from both Defendant and EMD on the grounds that the Distributorship Agreement at issue designates the sale of polysilazane to market segments that are the same or similar to those into which Wipe New, the product at issue in this litigation, is sold. Plaintiff claims that, because of the commonality of the market segments, the identity and use of polysilazane by the customers under the Distributorship Agreement are relevant to whether and to what extent the products Defendant sold to Plaintiff under the Exclusive Sales Agreement are and were confidential, proprietary and/or trade secret in nature and, thus, according to Plaintiff, relevant to both parties' claims and defenses. Defendant opposes the Motion to Modify specific to Plaintiff's request to obtain discovery of the customer information under the Distributorship Agreement on the grounds that the customer information is not relevant as there are market segments under the Distributorship Agreement

4869-3356-6221, v.2

separate from those into which Wipe New was sold and that the customers thereunder purchased variations of polysilazane beyond that, specifically Durazane™ 1500 –which was utilized in the formulations of Wipe New sold by Defendant.  Defendant further opposes the Motion to Modify by arguing that disclosure of the customer information would prolong discovery and subject the parties and the customers to potential competitive disadvantages.  Plaintiff asserts that to limit the customer disclosure to only Durazane™ 1500 could artificially limit the discovery of what the marketplace did or did not know about the use of polysilazane in the same or similar applications as Wipe New and, further, any confidentiality and/or competitive concerns may be addressed by the provisions of the Stipulated Protective Order.

The parties dispute the confidential, proprietary and trade secret nature of the products sold under the Exclusive Sales Agreement.  For this reason, what the marketplace into which Wipe New was sold knew or did not know about the use of polysilazane for the same or similar applications as Wipe New appears relevant to this dispute and to whether the products under the Exclusive Sales Agreement were indeed confidentially proprietary and/or trade secret in nature at the time of that agreement.  Accordingly, customer information under the Distributorship Agreement between Defendant and EMD is discoverable subject to certain limitations. Specifically, Defendant shall produce and Plaintiff is entitled to discover from EMD customers who purchased polysilazane of any variation for the market segments included in Exhibit 4 to the Distributorship Agreement other than Anti-Graffiti Coatings, Firearm Coatings and Firearm Manufacturers during the time period of January 1, 2012 through the termination of the Distributorship Agreement.  In recognition of the importance of confidentiality in this case and to protect the interests of non-parties, any customer information produced pursuant hereto shall be designated as Highly Confidential and limited to only "out-house" counsel and outside experts.

Should any of the information produced hereunder be deemed necessary by either party for submission of any Court filings and/or any proceedings or trial of this matter, the Court will revisit these issues at that time and upon the request of a party.

## ORDER

For the foregoing reasons, Rust-Oleum's Motion to Motion to Modify the Court's May 28, 2019 Order (#160) is GRANTED.

IT IS SO ORDERED.

DATED this __28__ day of February 2022

MARK D. CLARKE
United States Magistrate Judge