IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| **RUST-OLEUM CORPORATION,** | Case No. 1:18-cv-01655-CL |
| Plaintiff / Counter Defendant, | |
| | **OPINION AND ORDER** |
| v. | |
| **NIC INDUSTRIES, INC.,** | |
| Defendant / Counter Claimant. | |

**CLARKE**, Magistrate Judge.

The case comes before the Court on Rust-Oleum's Motion for Leave to Conduct Discovery (#420). For the reasons below, the Motion is DENIED.

## BACKGROUND

The facts of this case have been thoroughly detailed in prior Orders of this Court and are well known to the parties. Pertinent to this Motion, is NIC's pending Motion for Attorney Fees (#401), which it filed after prevailing at trial on all counts. The jury, after a two-week trial that began on September 27, 2024, found that Rust-Oleum breached its contract with NIC, misappropriated NIC's trade secrets, and committed fraud.

The jury awarded NIC $40 million for Rust-Oleum's breach of contract. *See* Verdict (#352). For Rust-Oleum's misappropriation of trade secrets, NIC was awarded $20 million in damages and $40 million in punitive damages. On the fraud claim, the jury awarded $30 million in damages and $60 million in punitive damages. NIC accepted a remittitur that reduced the fraud damages to $3,610,814 and the fraud punitive damages to $7,221,628 (#388.) The Court also awarded prejudgment interest on all claims bringing the total judgment to $148,515,025.00 after remittitur.

In the Fee Motion (#401) NIC moves the court for a lodestar award of attorney fees in the amount of $1,768,083.00, plus a multiplier of 2.0 for the extraordinary success achieved in this case, for a total fee award of $3,536,166.00. In addition, NIC seeks non-taxed expenses of $38,388.00. In moving for these fees and costs, NIC's attorneys argue that the lodestar rate should be higher than the rate actually charged to NIC during the litigation. NIC's attorneys submit declarations to establish that they did not believe NIC could afford to pay a higher rate without running out of funds to litigate. The attorneys state that they charged below marker rates with the understanding that they would see "a reasonable lodestar rate and multiplier if NIC prevailed and be paid the difference with NIC recovers its judgment." NIC Mtn Atty Fees (#401) (*citing* Paradis Decl. ¶37).

## DISCUSSION

Rust-Oleum moves for leave to conduct discovery regarding NIC's fee arrangement with counsel. Specifically, Rust-Oleum seeks the following:

1. All documents and correspondence concerning or related to NIC's fee agreement(s) with NIC's counsel for this case, including any "hybrid hourly/contingency fee" agreement(s) or any fee agreement(s) that comports with ORS 20.340 between NIC and its counsel for this case.

2. Representative fee agreements between NIC's counsel and litigation clients for all matters from each year between 2018 and the present sufficient to show NIC's counsel's ordinary hourly rate for litigation matters, any contingency fee agreements, any "hybrid hourly/contingency fee" agreement(s) between NIC's counsel and any clients, and/or any fee agreement(s) that comports with ORS 20.340 between NIC's counsel and any clients.

3. All documents and correspondence between NIC's counsel and any actual or potential clients wherein NIC's counsel declined to take on an engagement because of this matter.

4. All documents sufficient to identify the total hours billed by NIC's counsel to its litigation clients in each year from 2018 to the present.

5. All other attorneys' fee motions, applications, or petitions submitted by NIC's counsel in any state or federal court since January 1, 2022.

6. All documents and records relied on by NIC's counsel in drafting of the Fee Motion.

Under Federal Rule 54, which governs the filing, timing, contents and resolution of an attorney fee motion in federal court, the Court has wide latitude to establish procedures to streamline and resolve fee related issues without extensive evidentiary hearings. Fed. R. Civ. P. 54(d)(2). The court may "direct the moving party to disclose any fee agreement, including those between attorney and client," and the court "may order disclosure of additional information, such as that bearing on prevailing local rates or on the appropriateness of particular services for which compensation is sought." Notes of Advisory Committee on Rules—Rule 54; 1993 Amendment. "On rare occasions, the court may determine that discovery under Rules 26–37 would be useful to the parties." *Id*. Fee-related discovery requests are "committed to the sound discretion of the trial court." *Sablan v. Dep't of Fin. Of Com. Of N. Mariana Islands*, 856 F.2d 1317, 1321 (9th Cir. 1988).

Page 3 – Opinion and Order

Here, the Court exercises its discretion and determines that none of Rust-Oleum's requests are discoverable. Most of them are subject to attorney-client privilege and all of them are irrelevant or unnecessary to the issues raised by the Fee Motion.

As to the first request, NIC's attorneys have attested that no such contingency fee agreement exists to produce. As to the second request, such agreements between counsel and their other clients are privileged, and they are not in the possession or control of NIC. The parties can argue whether or not the lodestar rate is reasonable using the prevailing rates as determined by the Oregon Bar Economic Survey without the production of such information. The third and fourth requests are similarly privileged and unnecessary to argue whether or not counsel had time to take on other matters while litigating this case; such an argument can be made based on the hours billed in this case, as submitted in the Fee Motion. Fifth, Rust-Oleum requests any petitions for attorney fees submitted in any court by these attorneys, and the Court can find no reason to grant such a request. As to the sixth request for documents relied on by NIC's counsel and expert, the documents relied upon are described in the fee petition. The Court agrees with NIC that anything else is presumably work product and Rust-Oleum has not identified anything specific that should be produced, nor has it shown that there is a compelling need for such disclosure.

## ORDER

For the reasons above, Rust-Oleum's motion for leave to conduct discovery as to NIC's attorney fees is DENIED.

It is so ORDERED and DATED this __15__ day of April, 2025.

_____
MARK D. CLARKE
United States Magistrate Judge