IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

**RUST-OLEUM CORPORATION,**

Plaintiff / Counter Defendant,

v.

**NIC INDUSTRIES, INC.,**

Defendant / Counter Claimant.

Case No. 1:18-cv-01655-CL

**OPINION AND ORDER**

**CLARKE**, Magistrate Judge.

Before the Court for consideration is NIC's supplemental motion for attorney fees (ECF #454). For the reasons below, NIC's motion is GRANTED.

## BACKGROUND

The facts of this case have been thoroughly detailed in prior Opinion and Orders of this Court and are well known to the parties. NIC has prevailed on all of the claims and the counterclaims in this case. NIC was granted summary judgment on the claims initially brought by Rust-Oleum, and, after a two-week trial that began on September 27, 2024, a jury found that Rust-Oleum breached its contract with NIC, willfully and maliciously misappropriated NIC's trade secret, and committed fraud. The jury verdict awarded NIC nearly all of the damages that

Page 1 – Opinion and Order

NIC requested and proved with expert testimony, and it awarded punitive damages as to the misappropriation and fraud claims. NIC accepted a remittitur as to the damages awarded for fraud, and the Court entered Judgment against Rust-Oleum in the amount of $40 million for the breach of contract claim, $20 million for the trade secret misappropriation, plus $40 million in punitive damages for willful and malicious conduct, and $3,610,814.00 for the fraud claim, plus $7,221,628.00 in punitive damages for willful and malicious conduct. The Court also awarded prejudgment interest as to the compensatory damages, and it determined that NIC was entitled to attorney fees and costs. NIC submitted a request for fees and costs, and the Court granted in part and denied in part (ECF #451).

## DISCUSSION

Previously, this Court found that NIC was entitled to attorney fees and costs in this case, and it determined that the NIC attorneys were entitled to the full rate requested, as well as all of the hours billed through January 31, 2025, though NIC voluntarily reduced the fees requested by 5% to account for time spent on the fraud claim. The NIC attorneys also requested a multiplier of 2.0, which the Court granted in part, but limited to an upwards adjustment of 30%. *See* Opinion and Order (ECF #451).

NIC now moves for an award of its attorney fees from February 1, 2025, to June 30, 2025, at the hourly rates established by the prior Order. NIC does not request a multiplier, and it has again reduced the requested fees by 5% to account for time spent on the fraud claim. NIC also seeks non-taxed expenses of $1,913.23 incurred between March 18, 2025, and June 13, 2025.

**I.    NIC is entitled to its requested supplemental attorney fees.**

Page 2 – Opinion and Order

Other courts in this district have found that a party entitled to attorney fees is also entitled to request supplemental attorney fees for: "(1) preparing the fee petition; (2) opposing defendant's post-trial motion; and (3) replying to defendant's opposition to the fee petition." *McElmurry v. U.S. Bank Nat. Ass'n*, 2008 WL 1925119 (D. Or. 2008); *Foraker v. USAA Casualty Ins. Co.*, 2018 WL 5046061 (D. Or. 2018). In ruling on a supplemental petition, district courts may apply "the same limiting principles and billing rates" as determined in a ruling on an earlier attorney fee petition. *McElmurry* at *4.

Here, NIC submitted its original attorney fee petition on March 13, 2025. (ECF #401). That petition sought attorney fees through January 31, 2025. Since that time, NIC has responded to the following motions and pleadings filed by Rust-Oleum: 1) Request to defer attorney fee ruling (ECF #410); 2) Motion for Judgment as a Matter of Law or for New Trial (ECF #412); 3) Motion to conduct limited discovery (ECF #420); 4) Opposition to request for attorney fees (ECF #427). The Motion for JMOL was particularly extensive, encompassing at least eight different motions, and an exhaustive review of the entire record in this case. An in-person oral argument hearing was held in Medford, Oregon on June 17, 2025. NIC generally prevailed on nearly all of these issues, and it did prevail entirely on the extensive Motion for JMOL.

The Court has reviewed the time entries submitted by NIC, as well as the objections submitted by Rust-Oleum. The Court finds the entries to be sufficiently precise, and recoverable. For the same reasons discussed in the Court's Order as to the original fee request (ECF #451) the Court finds the requested hourly rates to be reasonable, and the 5% reduction in fees to be sufficient to account for time spent on the fraud claim. NIC is entitled to its requested supplemental attorney fees of $219,990.07.

**II.    NIC is entitled to its non-taxed expenses of $1,913.23.**

Page 3 – Opinion and Order

NIC provides a list of its supplemental non-taxed expenses as Exhibit 3 to its Motion for Supplemental Fees (ECF #454-3). Rust-Oleum does not object to any entry or expense. The Court has reviewed the list and finds the entries to be reasonable. Therefore, NIC is granted non-taxed expenses in the amount of $1,913.23

## ORDER

NIC's motion for supplemental attorney fees (ECF #454) is GRANTED. The total award of attorney fees is $219,990.07. NIC is also awarded its non-taxed expenses in the amount of $1,913.23

It is so ORDERED and DATED this __2__ day of October, 2025.

MARK D. CLARKE
United States Magistrate Judge